UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
 :
**DAWN SHANLEY**, :
 :
              Plaintiff, :
 : **MEMORANDUM DECISION AND**
    – against – : **ORDER**
 :
 : 19-CV-6092 (AMD)
 :
**ANDREW SAUL,** *Commissioner of Social* :
*Security*, :
 :
             Defendant. :
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

       The plaintiff moves for an award of attorney's fees in the amount of $20,838.50, pursuant to 42 U.S.C. § 406(b). The Commissioner does not oppose the motion. For the reasons set forth below, the motion is granted.

## BACKGROUND

       On October 29, 2019, the plaintiff filed this action appealing from the Commissioner of Social Security's decision that she was not disabled within the meaning of the Social Security Act. (ECF No. 1.) The plaintiff filed a motion for judgment on the pleadings on July 31, 2020. (ECF No. 15.) On October 29, 2020, I entered the parties' joint stipulation and order of remand. (ECF Nos. 17, 18.) The parties stipulated on March 15, 2021 that the plaintiff would be awarded $12,500 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, as well as $400 in court costs under 28 U.S.C. § 1920. (ECF No. 23-1.) I entered that stipulation the same day. (ECF No. 24.)

       On remand, the Commissioner awarded the plaintiff disability insurance benefits, including $83,354 in past-due benefits. (*See* ECF No. 25-4 at 5.) The Commissioner also

withheld $20,838.50 of those past-due benefits to pay the plaintiff's counsel, subject to approval of his fee. (*Id.*)

Victor Fusco represented the plaintiff on a contingency fee basis, pursuant to which he would receive up to 25% of any past-due benefits awarded. (ECF No. 25-2 at 4; *see* ECF No. 25-8.) According to the records Mr. Fusco submitted, he spent 98.2 hours on the plaintiff's appeal. (ECF No. 25-2 at 8; *see* ECF No. 20-3.) Mr. Fusco explains that he worked "during the COVID 19 lockdown . . . from home with no support staff," and "personally typed a 34 page Memorandum plus an annotated 18 page appendix summarizing Plaintiff's long orthopedic history." (ECF No. 25-2 at 8.) The records show that he also communicated with the plaintiff, reviewed the administrative transcript and corresponded with the AUSA assigned to the case. (*See* ECF No. 20-3.) Because Mr. Fusco seeks $20,838.50, the effective hourly attorney rate is $212.20.[1] (ECF No. 25-2 at 9.)

**LEGAL STANDARD**

Section 406(b) permits the Court to award a "reasonable fee" "not in excess of 25 percent of the total of the past-due benefits" to a prevailing plaintiff's attorney. 42 U.S.C. § 406(b)(1)(A). "The Second Circuit has held that a court's determination of whether fees requested under Section 406(b) are reasonable should 'begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" *Long v. Comm'r of Soc. Sec.*, No. 18-CV-1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020) (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

---

[1] According to Mr. Fusco, if the Court were to disallow half the time expended, the hourly rate would be $424.50. (ECF No. 25-2 at 9.)

2

To determine whether a contingency fee is "reasonable," the Court considers, among other things: "(1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case." *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011) (citing *Sullivan*, 907 F.2d at 372). If fee awards are made under both the EAJA and Section 406(b), the attorney must return the smaller award to the client. *Wells v. Bowen*, 855 F.2d 37, 41-42 (2d Cir. 1988).

## DISCUSSION

The contingency fee—which is the fee Mr. Fusco requests—is reasonable. Nothing in the record suggests that the agreement was the product of fraud or overreaching, or that Mr. Fusco was ineffective. The plaintiff and Mr. Fusco's law firm entered into a retainer agreement specifying that "at the favorable conclusion of [her] case, if and when benefits are awarded, [her] attorney will apply for a fee of up to 25% of all past due benefits." (ECF No. 25-8 at 3.) This 25% fee comports with the statutory cap. *See* 42 U.S.C. § 406(b)(1)(A).

Nor would the $20,838.50 fee produce a windfall for Mr. Fusco. Mr. Fusco's submission was thorough and fact-intensive, and it reflected his experience and expertise in these matters. Moreover, his efforts on the plaintiff's behalf were successful. *See Long*, 2020 WL 6545904, at *2 (to determine whether a fee would constitute a "windfall," courts consider "(1) whether the attorney's efforts were particularly successful for the plaintiff; (2) whether the effort expended by the attorney is demonstrated through non-boiler-plate pleadings and arguments that involved both real issues of material fact and required legal research; and (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." (citing *Rowell v. Astrue*, 05-CV-1592, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008))). However,

3

Mr. Fusco billed 98.2 hours for his work on the plaintiff's appeal, which far exceeds the amount of time counsel typically spend working on a social security case. *See, e.g., Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624, 2021 WL 1998745, at *3 n.6 (E.D.N.Y. May 19, 2021) (collecting cases, where hours worked ranged from 21.1 hours to 39.5 hours). Accordingly, the Court disallows half the time, reducing the hours worked to 49.1 hours. The resulting effective hourly rate of $424.40 is consistent with Section 406(b) awards approved by other courts in this circuit. *Williams v. Comm'r of Soc. Sec.*, No. 18-CV-4734, 2021 WL 4480536, at *5 (E.D.N.Y. Sept. 30, 2021) (granting award corresponding to $500 effective hourly rate to Mr. Fusco); *Murphy v. Colvin*, No. 15-CV-6453, 2021 WL 5712143, at *1 (E.D.N.Y. Dec. 2, 2021) (granting award corresponding to $700 effective hourly rate); *Velez v. Comm'r of Soc. Sec.*, No. 18-CV-9754, 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (approving award corresponding to $829.27 effective hourly rate).

## CONCLUSION

For these reasons, the Court grants the motion for attorney's fees under 42 U.S.C. § 406(b). Mr. Fusco is awarded $20,838.50.[2]

**SO ORDERED.**

                                                      s/Ann M. Donnelly
                                                      ANN M. DONNELLY
                                                      United States District Judge

Dated: Brooklyn, New York
         January 20, 2022

---

[2] As Mr. Fusco agrees (ECF No. 25-2 at 4), upon approval of his fee award, he must return the $12,500 EAJA award to the plaintiff. *Bowen*, 855 F.2d at 41-42.